EDWARD A. ANDERSON, Respondent, *v.* ANNA ANDERSON, Appellant.

*Action to annul a marriage — evidence necessary to justify a reversal of a judgment.*

Where an appeal is taken upon questions of fact only from a judgment annulling a marriage contract on the ground that it was procured by duress, a very strong preponderance of evidence against the decision of the trial justice is required to justify a reversal.

APPEAL by the defendant, Anna Anderson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of February, 1893, upon a decision of the court rendered after a trial at the Kings County Special Term, declaring the marriage between the plaintiff and defendant void, and annulling the same, and freeing the parties from the obligations of the marriage with each other.

This action was brought for the purpose of annulling and declaring void the marriage contract between the parties, and freeing them from the obligations thereof.

The complaint alleged "that the consent of the plaintiff was obtained to the said marriage by force and duress, in that the said plaintiff was made to believe that if he did not marry the said defendant the brother of said defendant would shoot and kill him, the said plaintiff, and that serious violence would be committed upon him by defendant's father; and the said defendant's brother threatened to kill said plaintiff if he did not marry the defendant, which threats were made with the knowledge and concurrence of the defendant. That in the fear that said threats would be carried out, and that plaintiff would be killed or grievously wounded and hurt if he did not, he, the said plaintiff, married the defendant to avoid such hurt or death.

"Said plaintiff and defendant have never since the said marriage cohabited together as husband and wife."

*Wm. J. Carr,* for the appellant.

*Chas. J. Patterson,* for the respondent.

PRATT, J.:

The only questions being of fact, and the trial judge having seen the witness and personally heard the testimony, a very strong pre-

ponderance of evidence against the decision would be required to enable us to interfere upon appeal.

We do not think it can be said that the judgment is unsupported by any testimony.

The trial judge believed the evidence of the plaintiff, and we cannot say that he was wrong in so doing.

The judgment does not reflect upon the defendant, who was not a party to the duress.

ʻThe judgment must be affirmed, without costs.

Dykman, J., concurred.

Barnard, P. J. (dissenting):

The parties were married on the 18th of October, 1883. The papers show that the plaintiff was the putative father of an illegitimate child to be born by the defendant. The parties and the families of the parties were both Roman Catholics. The defendant made her condition known to the priest, and he saw the plaintiff. He denied his offense, and the priest told him that the father and brothers of the girl were resolute, fierce men, who would avenge the destruction of her honor. Subsequently, the plaintiff confessed his guilt to the priest and said he was willing to marry the defendant and make the child legitimate, but that he would not live with her. They were married. The proof of threats is very slight, and is not unusual in cases similar to the one under consideration. There is apparent no real threat which was at all likely to result in violence. Passionate words would be natural, where the social wrong was so great, from father and brothers. The consent was at last given from a sense of duty, and all threats defied beyond legitimatizing the unborn child. The lapse of time is so great that equity should not sever the bond. It was over eight years after the marriage that the complaint was made.

The judgment should be reversed, with costs, and a new trial granted.

Judgment affirmed, without costs.